NORTHCUTT, Judge.
 

 Ronald Byrd was charged with several drug offenses and with resisting a law enforcement officer without violence. He moved to suppress the drugs on the ground that the police officer who seized the evidence had entered a residence without a warrant.
 
 [1]
 
 The circuit court denied his motion. Byrd then entered no contest pleas to possession of cocaine, possession of cannabis, and resisting an officer without violence.
 
 [2]
 
 He reserved the right to appeal the denial of his dispositive motion to suppress. We conclude that the court should have granted the motion. Therefore, we reverse Byrd’s drug convictions and remand with directions to discharge him on those charges.
 

 Byrd’s encounter with the police began at a public housing complex. He was standing outside an apartment with several other people when two officers approached and asked to speak to the members of the group. Byrd turned and darted into the apartment. One of the officers followed Byrd inside because he believed “something’s not right.” He saw what appeared to be a plastic bag drop from Byrd’s hand. At that point the officer grabbed Byrd and took him back outside. He handcuffed Byrd and went back inside the apartment to retrieve the baggie. It contained marijuana. In a search of Byrd’s person incident to arrest, the officers discovered a baggie containing rock cocaine.
 

 The United States Supreme Court has long held that physical entry into a home is the chief evil to which the Fourth Amendment is directed.
 
 See Payton v. New York,
 
 445 U.S. 573, 585, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980);
 
 United States v. U.S. Dist. Court, E. Dist. of Michigan,
 
 407 U.S. 297, 313, 92 S.Ct. 2125, 32 L.Ed.2d 752 (1972);
 
 see also Riggs v. State,
 
 918 So.2d 274, 278-79 (Fla.2005). Except in exigent circumstances, law enforcement cannot reasonably cross the threshold of a home without a warrant.
 
 Payton,
 
 445 U.S. at 590, 100 S.Ct. 1371;
 
 Riggs,
 
 918 So.2d at 278. The State bears the burden of rebutting the presumption that such warrantless entries are unreasonable.
 
 See Welsh v. Wisconsin,
 
 466 U.S. 740, 750, 104 S.Ct. 2091, 80 L.Ed.2d 732 (1984);
 
 Riggs,
 
 918 So.2d at 278. To meet its burden, it must “demonstrate a ‘grave emergency’ that ‘makes a warrantless search imperative to the safety of the community.’ ”
 
 Riggs,
 
 918 So.2d at 278 (quoting
 
 Illinois v. Rodriguez,
 
 497 U.S. 177,
 
 *1028
 
 191, 110 S.Ct. 2793, 111 L.Ed.2d 148 (1990)).
 

 Here, the arresting officer described a consensual encounter with some men who he suspected might have been trespassing at a public housing complex. Byrd decided not to speak with the officer and left, as he was free to do.
 
 See Popple v. State,
 
 626 So.2d 185, 186 (Fla.1993) (stating that in a consensual encounter, a citizen may either comply with a police officer’s requests or ignore them; the citizen is free to leave). The officer did not order Byrd to stop. He followed Byrd into the residence because he “didn’t know if he had a gun, or what the case may be.” He offered no facts to support this suspicion. He just thought that something wasn’t right.
 

 The type of mere suspicion presented here would be insufficient to support even an investigatory stop.
 
 See id.
 
 It is clearly inadequate to establish the kind of “grave emergency” necessary to rebut the presumption that a warrantless entry into a residence is unreasonable. Indeed, in its order on the motion to suppress the circuit court correctly determined that the officer’s attempt to stop Byrd was not supported by a founded suspicion of criminal activity.
 

 The court denied the motion just the same, theorizing that once the officer observed Byrd dropping the bag, he had probable cause to seize the bag and arrest Byrd. But that reasoning merely begged the question, which was not strictly whether the officer had probable cause to seize the evidence, but whether the officer had the right to be in the apartment when he observed the evidence. A “plain view” seizure may be justified only if (1) the police officer is in a place where he has a lawful right to be; (2) in the course of his presence the officer inadvertently comes upon an object which is openly visible; and (3) it is immediately apparent to the officer that the object constitutes evidence of a crime.
 
 See Neary v. State,
 
 384 So.2d 881, 884 (Fla.1980) (citing
 
 Coolidge v. New Hampshire,
 
 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971)). Here, the officer had no lawful right to be in the apartment.
 

 The circuit court erred when denying the motion to suppress. We reverse Byrd’s drug convictions and remand with directions to discharge him on those charges.
 

 ALTENBERND and KHOUZAM, JJ., Concur.
 

 [1]
 

 . The residence was Byrd’s sister's apartment. Byrd established that he had standing to challenge the officer’s entry into the residence because he testified he was babysitting his sister's children at the time.
 
 See State v. Washington,
 
 884 So.2d 97, 100 (Fla. 2d DCA 2004) (citing
 
 State v. Anonymous,
 
 40 Conn. Supp. 20, 480 A.2d 600 (1984), for the proposition that a babysitter had standing to object to a search and seizure because she had an expectation of privacy and an obligation to protect the child from harm).
 

 [2]
 

 . Byrd has not challenged his conviction for the misdemeanor of resisting an officer without violence.
 
 See
 
 § 843.02, Fla. Stat. (2006).